## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 Case No:  6:14-cv-146-Orl-31TBS

DWIGHT R. SANDERBECK,

      Defendant.

_____

### REPORT AND RECOMMENDATION[1]

      Pending before the Court is Plaintiff's Motion for Entry of Default Judgment. (Doc 9).   Upon due consideration I respectfully recommend that the motion be **granted**.

### I.   Background

      On January 28, 2014, Plaintiff filed this action against Defendant Dwight R. Sanderbeck to recover on an outstanding student loan in the amount of $26,600.58, which includes an unpaid principal balance of $8,829.81 and accrued interest in the amount of $17,770.77.   (Doc. 1).   The loan is owed to the Department of Education. (Doc. 9 at 2).   Plaintiff also seeks to recover attorney's fees and costs.   (Id. at 2-3). Defendant was served, failed to appear, and on March 3, 2014, the Clerk of Court entered a default against him.   (Doc. 8).   On March 7, 2014, Plaintiff filed the instant motion for default judgment against Defendant.   (Doc. 9).   The motion is supported by a Certificate of Indebtedness, and copies of an invoice and an affidavit from Plaintiff's counsel.   (Id. at 6-9, 12-13).

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

## II.  Discussion

### A.  Default Judgment

#### 1. Liability

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).   Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for default judgment.   Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]   Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.   DIRECTV, Inc., 359 F. Supp. 2d at 1206.   "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.   In short . . .   a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

#### a.  Appropriateness of the Clerk's Entry of Default

The rules regarding the service of process in a federal action are set forth in Federal Rule of Civil Procedure 4.   Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

the state in which the federal district court is located for an action brought in a court of jurisdiction in that state.   FED. R. CIV. P. 4(e).

A clerk's default was entered against Defendant on March 3, 2014.   (Doc.8). According to the return of service filed on December 10, 2013, the process server effected service on Defendant on February 4, 2014 by delivering a copy of the summons and complaint to "Lynne Sanderback as Co-Resident/Spouse" at Defendant's usual place of abode. (Doc. 6-1).   Pursuant to Rule 4(e), service on Defendant was proper. Upon being served with the summons and complaint, he was required to respond on or before February 25, 2014.   See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant has failed to respond to the complaint and the time to do so has passed, thus the clerk's default was properly entered.

b.  Entry of Default Judgment is Proper

The Court has considered the well-pled allegations and the record evidence in this case and finds that Plaintiff's allegations support the entry of judgment against Defendant. "[F]or judgment to be entered in favor of the United States, it must prove that (1) Defendant executed the note; (2) that United States is the present holder of the note; and (3) the note is in default." U.S. v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229 at *2 (M.D. Fla. Feb. 27, 2012), adopted by 2012 WL 933206 (M.D. Fla. Mar. 20, 2012). Attached to Plaintiff's complaint is a Certificate of Indebtedness, executed under penalty of perjury, which states that Defendant executed the note at issue; the Department of Education owns the note; and Defendant defaulted on his obligation in 2009.   Federal Rule of Civil Procedure 10(c) provides "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Thus, Plaintiff has sufficiently

alleged a cause of action against Defendant, and based upon his failure to answer the complaint, Defendant has admitted Plaintiff's well-plead allegations.

　　　　　2. Damages

　　　The Certificate of Indebtedness establishes that on Claim Number 2010A24729, after crediting Defendant a total of $505.87 he still owes:

　　　Principal:　　　　　　　　　$8,829.81

　　　Interest:　　　　　　　　　$13,996.93

　　　Total debt as of 10/9/2009:　　$22,826.74

　　　Additional prejudgment interest:　$2.42 per day

(Doc. 1-2 at 1).

　　　This is sufficient to establish damages due.　Adding $3,908.30 in additional prejudgment interest that has accrued since October 9, 2009, (1,615 days x $2.42 per day), Defendant's total debt on Claim Number 2010A24729 is $26,735.04, as of March 12, 2014.

　　　　　B.  Attorney's Fees

　　　Plaintiff seeks to recover attorney fees expended over the course of this litigation. (Doc. 9 at 2-3).　The note signed by Defendant provides that Plaintiff is entitled to seek all reasonable costs, including attorney fees, should Defendant default on the loan. (Doc. 9 at 10-11). Counsel's affidavit states that he spent 6.2 hours on this action at a rate of $200 per hour.　(Id. at 8-9).

　　　Because Defendant has not responded to the motion, the Court lacks the benefit of scrutiny and analysis from the opposing party.　See Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is

reasonable.).   Defendant's failure to defend against the motion raises an inference that he does not object to the relief sought.   Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007) (citing Freshwater v. Shiver, No. 6:05-cv-756, 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005)).   Nonetheless, the Court has a duty to ensure that the request for attorney's fees is reasonable.   Id.   (citing Hensley v. Eckerhart, 461 U.S. 424, 433-434 (1983)).   "The Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services."   Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991, at * 5 (M.D. Fla. Jan. 6, 2010).

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney's fees.   Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).   The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.   Id. at 1299.   "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."   Hensley, 461 U.S. at 437.   The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates."   Chemische, 2010 WL 98991, at *4.   Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained.   Norman, 836 F.2d at 1302.

### 1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   Norman, 836 F.2d at 1299.   The applicant bears the burden of

producing satisfactory evidence that the requested rates are in line with prevailing market

rates.   Id.   However, "the Court may use its own expertise and judgment to make an

appropriate independent assessment of the value of the attorney's services."

Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v.

Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL

2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its

discretion and expertise to determine the appropriate hourly rate to be applied to an

award of attorney's fees.").   When determining whether a rate is reasonable the Court

considers the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of
> the questions; 3) the skill requisite to perform the legal
> services properly; 4) the preclusion of other employment by
> the attorney due to acceptance of the case; 5) the customary
> fee in the community; 6) whether the fee is fixed or contingent;
> 7) time limitations imposed by the client or circumstances; 8)
> the amount involved and the results obtained; 9) the
> experience, reputation, and the ability of the attorney; 10) the
> "undesirability" of the case; 11) the nature and length of the
> professional relationship with the client; and 12) awards in
> similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v.

Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974), overruled on other grounds by

Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Having considered the Bivins/Johnson factors and the Court's own expertise and

knowledge of prevailing market rates, I find that the requested hourly rate is objectively

reasonable and accordingly recommend the Court apply counsel's sought rate of $200/hr.

2. Reasonable Hours Spent

Next, the Court must determine the number of hours reasonably expended by

counsel.   Prevailing attorneys "must exercise their own billing judgment to exclude any

hours that are 'excessive, redundant, or otherwise unnecessary." <u>Galdames v. N & D</u> <u>Inv. Corp.</u>, 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted). Attorneys may only bill adversaries for the same hours they would bill a client. <u>Resolution Trust Corp. v. Hallmark Builders Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. <u>Galdames</u>, 432 F. App'x at 806 (citations omitted).

Counsel has included an affidavit which states the hours spent on this litigation with the requisite specificity. (Doc. 9 at 8-9). However, he seeks reimbursement for two hours spent on "post judgment collection." This time has not been expended and the description is insufficient. (<u>Id.</u> at 9). Accordingly, I recommend the Court strike this entry from counsel's affidavit and award $840 in attorney fees, or $200/hr for 4.2 hours spent.

Counsel states that he expended $45 in costs connected with serving process on Defendant. (Doc. 9 at 3, 7). This cost is recoverable under 28 U.SC. § 1920.[1]

---

[1] Pursuant to statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

III.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Court **GRANT** the Government's Motion for Entry of Default Judgment (Doc. 9);

2. The Court **DIRECT** the Clerk to enter Judgment in the Government's favor and against Defendant in the amount of $26,735.04 in unpaid principal, plus accrued interest in accordance with supporting documentation for Claim Number 2010A24729; and

3. The Court **AWARD** the Government $840 in attorney's fees and an additional $45 in costs.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 12, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties